**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LILIAN KIRAKA, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br><br> Defendant. | No. 24cv901 (EP) <br><br> **MEMORANDUM ORDER** |

*Pro se* Plaintiff Lilian Kiraka alleges that the denial of her mother's visa by the United States Embassy in Dar es Salaam, Tanzania, was unlawful. D.E. 1 ("Complaint") at 3. The Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), D.E. 4, and, in its screening of the Complaint under 28 U.S.C. § 1915, determined that the matter should proceed.[1] D.E. 7.

Because Plaintiff was granted IFP status, Plaintiff was ordered to complete the USM-285 form, at which point the United States Marshals would serve Defendant at the address listed on the form. *Id.* Plaintiff was specifically ordered to follow Federal Rule of Civil Procedure 4(i)'s requirements for serving the United States and/or United States agencies. *Id.* at 2 n.3. Plaintiff promptly submitted the USM-285 Form, D.E. 9, and summons was issued on August 27, 2024, D.E. 11. However, Defendant still has not been served. *See* Dkt. After reviewing Plaintiff's completed USM-285 Form in consultation with the U.S. Marshals, the Court understands that

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 did not determine whether the Complaint's allegations would survive a properly supported motion to dismiss. *See Richardson v. Cascade Skating Rink*, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

Plaintiff improperly completed her USM-285 Form as she lists the incorrect address for service on the United States Department of State.[2] *See* D.E. 9. Thus, the U.S. Marshals are not able to effectuate service. In order for the U.S. Marshals to serve Defendant, Plaintiff must list the correct address for service on her USM-285 Form. *See supra*, n.2. Accordingly,

**IT IS**, on this **9th** day of April 2025,

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form; and it is further

**ORDERED** that Plaintiff shall complete the form, listing the correct address for service on Defendant, and return it to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; and it is further

**ORDERED** that upon Plaintiff sending the completed form to the Clerk of the Court, the Clerk shall re-issue Summons, and the U.S. Marshals shall serve a copy of the Complaint, Summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States **within 60 days**;[3] and it is further

---

[2] Plaintiff listed the address for the United States Embassy in Tanzania as the address to serve Defendant on her USM-285 Form. *See* D.E. 9. However:

> Only the Executive Office of the Office of the Legal Adviser and Bureau of Legislative Affairs (L-H/EX) is authorized to receive and accept summonses or complaints sought to be served upon the Department or Department employees. All such documents should be delivered or addressed to: The Executive Office of the Legal Adviser and Bureau of Legislative Affairs, Suite 5.600, 600 19th Street NW, Washington DC 20522. (Note that the suite number is 5.600.)

22 C.F.R. 172.2(a).

[3] Alternatively, the U.S. Marshal may notify Defendant that an action has been commenced and request that Defendant waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

2

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

_____
Evelyn Padin, U.S.D.J.