**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LILIAN KIRAKA<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE, *et al.*,<br><br>Defendants. | No. 24cv901 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

**THIS MATTER** comes before the Court on *pro se* Plaintiff Lilian Kiraka's renewed Motion for Appointment of Pro Bono Counsel, D.E. 48 ("Motion"); and

**WHEREAS** civil litigants have no constitutional or statutory right to appointed counsel, and 28 U.S.C. § 1915(e)(1) instead permits a court, in its discretion, to request that an attorney represent a litigant who cannot afford counsel, *Tabron v. Grace*, 6 F.3d 147, 153–54 (3d Cir. 1993); and

**WHEREAS** the decision to appoint pro bono counsel involves a two-step analysis, and the Court must first determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law," *id.* at 155; and

**WHEREAS** if the Court finds that the action arguably has merit, it then considers the plaintiff's ability to present the case, the complexity of the legal issues, the need for factual investigation, the importance of credibility determinations, the need for expert testimony, and the plaintiff's ability to obtain counsel, *id.* at 155–57; *Houser v. Folino*, 927 F.3d 693, 698–99 (3d Cir. 2019); and

**WHEREAS** the Court's decision to appoint counsel "must be made on a case-by-case basis," *Tabron*, 6 F.3d at 157–58; and

**WHEREAS** the Court must also remain mindful that volunteer attorney resources are limited and therefore should not request pro bono counsel indiscriminately, *id.* at 157; and

**WHEREAS** the Court assumes without deciding that Plaintiff's claims have arguable merit in fact and law and therefore proceeds to the remaining *Tabron* factors; and

**WHEREAS** the Court recognizes that Plaintiff has experienced difficulty proceeding without counsel and represents that she cannot afford retained counsel, *see* Mot., but those circumstances, standing alone, do not establish that appointment of pro bono counsel is warranted; and

**WHEREAS** the principal task presently confronting Plaintiff is completing proper service under Federal Rule of Civil Procedure 4(i), a procedural requirement the Court has repeatedly explained to Plaintiff across numerous docket entries; and although Plaintiff has encountered difficulty accomplishing service, that issue does not presently require substantial factual investigation, complex discovery, credibility determinations, or expert testimony of the sort that would weigh materially in favor of appointing pro bono counsel; and

**WHEREAS**, after considering the present posture of the case and the relevant *Tabron* factors, the Court concludes that the needs of this case do not presently warrant the appointment of pro bono counsel;

Accordingly,

**IT IS** on this 18th day of September 2026,

**ORDERED** that Plaintiff's Motion for Appointment of Pro Bono Counsel, D.E. 48, is **DENIED** ***without prejudice***.[1]

Evelyn Padin, U.S.D.J.

[1] Plaintiff may contact the Clerk's Office with questions concerning filing procedures, but the Clerk's Office cannot provide legal advice or complete Plaintiff's service forms.